AM/2011R00453

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Crim. No. 11-420 (AET) |
| JACQUELINE BUCCO | : | 18 U.S.C. §§ 1343 and 2 |

INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

THE DEFENDANT AND OTHER PARTIES

1. At all times relevant to this Information:

    a. The victim was Dow Jones & Company ("Dow Jones"), a publisher of news and business information. Dow Jones had worldwide operations with its headquarters in New York City and an office in Monmouth Junction, New Jersey.

    b. Defendant JACQUELINE BUCCO, a Pennsylvania resident, was employed as a fulfillment staff assistant at the Monmouth Junction, New Jersey office of Dow Jones. Among other things, defendant JACQUELINE BUCCO processed sales orders received from Dow Jones customers into internal Dow Jones systems. She also handled billing inquiries and adjustments to Dow Jones customer accounts.

## THE SCHEME TO DEFRAUD

2. From at least as early as March 2009 through in or about March 2011, in Middlesex County, in the District of New Jersey, and elsewhere, defendant

JACQUELINE BUCCO

did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property from Dow Jones by means of materially false and fraudulent pretenses, representations and promises, as set forth below.

3. It was part of the scheme and artifice to defraud that defendant JACQUELINE BUCCO would access a dormant internal Dow Jones system that contained Dow Jones funds. Once she accessed this system, she would then initiate transactions resulting in the transfer of Dow Jones funds from this system to three bank accounts controlled by the defendant JACQUELINE BUCCO.

4. It was further part of the scheme and artifice to defraud that defendant JACQUELINE BUCCO would access these three bank accounts and misappropriate the Dow Jones funds that had been transferred into the accounts for her personal use.

5. It was further part of the scheme and artifice to defraud that defendant JACQUELINE BUCCO would cause electronic wire transfers of the Dow Jones funds to be transmitted from a Dow Jones bank account located in Salem, New Hampshire to a Roebling Bank account controlled by defendant JACQUELINE BUCCO and located in Roebling, New Jersey.

6. In all, by the above means, defendant JACQUELINE BUCCO obtained approximately $429,210 as a result of this scheme and artifice to defraud. Defendant JACQUELINE BUCCO spent a majority of this money on personal expenditures, such as:

    a. a Harley Davidson Sportster motorcycle;

    b. 25 Coach items, including suitcases, purses, and checkbooks;

    c. 2 Louise Vuitton items, including a purse and a wallet;

    d. 2 Apple IPads and 2 Apple IPods;

    e. 1 Kindle;

    f. 1 X-Box Kinect;

    g. 1 Motorola Droid;

    h. 1 Nikon digital camera;

    i. 1 Meade telescope;

    j. 1 Sony handycam;

    k. 2 JBL 500-series speakers;

    l. 1 32-inch Polaroid TV-DVD combination player;

    m. 4 guitars, including 3 Gibson Les Paul guitars and 1 Sterling guitar;

    n. 2 pairs of sunglasses, including Salvatore Ferragamo and Coach brands;

    o. jewelry, including 5 necklaces, 8 bracelets 2 pairs of earnings, and 3 rings;

    p. 2 dresses from David's Bridal, including a wedding dress; and

    q. 1 pair of Jimmy Choo shoes.

  7. On or about October 28, 2010, in Middlesex County, in the District of New Jersey, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud, defendant

JACQUELINE BUCCO

did knowingly and intentionally transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, namely a wire transfer of approximately $2,100 from a Dow Jones bank account located in Salem, New Hampshire to a Roebling Bank account located in Burlington County, New Jersey.

  In violation of Title 18, United States Code, Section 1343 and Section 2.

## FORFEITURE ALLEGATION

8. The allegations contained in paragraphs 1 through 7 of this Information are incorporated by reference as though set forth in full herein for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

9. The United States hereby gives notice to defendant JACQUELINE BUCCO that, upon conviction of the offense charged in this Information, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1343, alleged in this Information, including but not limited to the following:

   a. A sum of money equal to at least $25,000 in United States currency; and

   b. All right, title, and interest in the property identified in paragraphs 6(a)-(q) of this Information.

3. If by any act or omission of defendant JACQUELINE BUCCO, any of the property subject to forfeiture described in paragraph 2 herein:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party,

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

              */s/ Paul J. Fishman*
              PAUL J. FISHMAN
              United States Attorney

CASE NUMBER: _____

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

JACQUELINE BUCCO

# INFORMATION FOR

18 USC §§ 1343 and 2

**PAUL J. FISHMAN**
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

AARON MENDELSOHN
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2712